UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Beverly Granberry, individually and as Administrator of the Estate of Robert Granberry, deceased, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Beverly Granberry, Individually and as Administrator of the Estate of Robert Granberry, deceased, by and through her attorneys, LIPKIN & HIGGINS, and complains of the defendants, UNITED STATES OF AMERICA alleges:

1. Decedent, Robert Granberry, and Plaintiff, Beverly Granberry, were at all times herein mentioned citizens of the United States and residents in the State of Illinois. Plaintiff, Beverly Granberry, was appointed as Special Administrator of the Estate of Robert Granberry, Deceased, by the Circuit Court of Cook County, Illinois, Probate Division.

2. Decedent is survived by his three natural children, Lorraine Granberry, Robert Granberry II and Patricia Woods, and by his spouse, Beverly Granberry.

3. This is a claim under the Federal Tort Claims Act ("FTCA"), pursuant to 28 U.S.C. §1346 (b) and 28 U.S.C. §2671 et seq. for damages sustained by Plaintiff.

4. At all times herein-mentioned, defendant, United States of America, was acting by and through its agents, servants, and employees, which agents, servants and employees were acting in the scope and course of their employment with the Department of Veterans Affairs

and/or the Department of Health and Human Services, both federal agencies as defined in 28 U.S.C. §2671.

5. Decedent received medical care and treatment at Jesse Brown VA Medical Center, Chicago, Illinois which is located in the Northern District of Illinois.

6. At all times stated herein the acts and omissions of the Department of Veterans Affairs were those of its medical providers, agents, servants, and employees who were acting in the scope and course of their agency, service and employment of defendant.

## JURISDICTION

7. Plaintiff alleges that agents, servants, and employees of Jesse Brown VA Medical Center, while acting in the scope and course of their employment for the United States Government, negligently treated decedent's medical condition causing his death, as more fully set forth below.

8. On or about November 16, 2015 Plaintiff properly filed a Federal Tort Claim within two years after the claim occurred pursuant to 28 U.S.C. §2401(b). A copy of Plaintiff's Federal Tort Claim is attached to this complaint as Exhibit A and is incorporated herein by reference.

9. The parties were engaged in settlement negotiations until October 11, 2016, when the last settlement offer was made by the United States and rejected by the Plaintiff.

10. As more than six months have elapsed since defendant received Plaintiff's Federal Tort Claim, Plaintiff may file this suit pursuant to 28 U.S.C. §2675 (a).

11. Jurisdiction of this court is founded upon the provisions of 28 U.S.C.A. §1346 and 28 U.S.C.A. § 2671 et. seq.

## VENUE

12. Venue is proper in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1402 (b) in that the Jesse Brown VA Medical Center is within the judicial district of the Northern District of Illinois, and the cause of action accrued in Chicago, Illinois.

## GENERAL ALLEGATIONS

13. On June 11, 2013, decedent had a CT scan of his abdomen performed at Jesse Brown VA Medical Center.

14. On June 13, 2013, a physician employed by the United States at Jesse Brown VA Medical Center sent decedent a letter which stated that the results of the CT were "abnormal; non-specific liver enlargement and fatty liver" and that "given these test results, I do not recommend any changes in your treatment at this time."

15. On February 12, 2014, decedent went to Jesse Brown VA Medical Center for an MRI of his abdomen. At that time, decedent was informed by physicians employed by the United States at Jesse Brown VA Medical Center that the MRI findings "are consistent with cirrhosis and no liver masses."

16. On April 14, 2014, Plaintiff and decedent went to a meeting at Jesse Brown VA Medical Center for an "Institutional Disclosure of Adverse Event." At this meeting, Plaintiff and decedent were informed that a hepatocellular carcinoma ("HCC") mass was discovered in the liver, and that this same mass was present on the CT scan done on June 11, 2013, but was not noted at that time.

17. On September 7, 2014, decedent had a liver transplant.

18. On March 2, 2015, an MRI showed "innumerable small arterially enhancing lesions in the liver" which turned out to be metastatic HCC.

3

19. Decedent died from recurrent HCC on May 8, 2015.

## COUNT I
## WRONGFUL DEATH

20. Plaintiff realleges and incorporates by reference each and every allegation in paragraphs 1-29 as though fully set forth herein.

21. That at all times complained of herein, defendant, UNITED STATES OF AMERICA, by and through its agents, servants, and/or employees, had a duty to exercise that degree of care, skill and caution in administering medical treatment and services to its patients, including decedent, Robert Granberry, that a reasonably licensed health care facility operating in the same or similar community would exercise under the same or similar circumstances.

22. That at all times complained of herein, defendant, UNITED STATES OF AMERICA had a duty to exercise that degree of care, skill and caution in administering medical care and treatment to decedent, Robert Granberry, that a reasonably trained health care professional in the same or similar community at that time would exercise in the same or similar case under like circumstances.

23. That in deviation of its aforementioned duty to decedent, Robert Granberry, defendant UNITED STATES OF AMERICA through the acts of its agents, servants and/or employees was guilty of one or more of the following careless and negligent acts or omissions:

    (a) defendant failed to posses adequate skills, learning, protocols, procedures, experience, expertise, equipment, and personnel to adequately and timely diagnose and treat decedent's deteriorating medical condition;

    (b) defendant failed to exercise appropriate medical care, judgment, caution and consideration with the respect to the decedent's risk for developing recurrent metastatic HCC;

    (c) defendant failed to appropriately diagnose the mass lesion in decedent's liver prior to March 6, 2014;

4

(d)     defendant failed to provide appropriate, timely and necessary medical treatment and therapy for the HCC;

(e)     defendant failed to provide appropriate, timely and necessary medical treatment and testing of the decedent's hepatitis C virus.

24.     As a direct result of one or more of the foregoing acts and/or omissions by defendant, Robert Granberry suffered an increased risk of developing recurrent metastatic HCC and died on May 8, 2015.

25.     As a result of the death of Robert Granberry, the survivors of Robert Granberry have been deprived of the society, companionship, love and affection of their father and husband.

26.     Plaintiff attaches hereto (as Exhibit B) and incorporates by reference the medical report of Dr. Mitchell Shiffman, in further support of the allegations made in this Complaint.

WHEREFORE, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et. seq., Plaintiff, Beverly Granberry, in her capacities as next of kin and Administrator of the Estate of Robert Granberry pray for judgment against defendant, UNITED STATES OF AMERICA and an award in a fair and reasonable sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs and attorney fees.

## COUNT II
## UNITED STATES OF AMERICA
## SURVIVAL ACT

1-26.     Plaintiff repeats, realleges and incorporates paragraphs one (1) through twenty-six (26) of Count I as paragraphs one (1) through twenty-six (26) of this Count II with the same force and effect as though fully set forth herein.

27.     That as a direct and proximate result of one or more of the aforementioned careless and negligent acts or omissions by the defendant UNITED STATES OF AMERICA, the

decedent, ROBERT GRANBERRY endured pain and suffering prior to his death on May 8, 2015.

WHEREFORE, pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, Plaintiff, Beverly Granberry, in her capacities as next of kin and Administrator of the Estate of Robert Granberry prays for judgment against defendant, UNITED STATES OF AMERICA and an award in a fair and reasonable sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs and attorney fees.

Respectfully submitted,

/s/ Peter F. Higgins
Plaintiff Counsel

LIPKIN & HIGGINS
222 North LaSalle Street
Suite 2100
Chicago, Illinois 60601
Phone: (312) 857-1710